UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
GARY S. WADE, pro se,               :
                                    :
        Plaintiff,                  :     Civil Action No. 3:06-cv-3715 (FLW)
                                    :
    v.                              :
                                    :
MICHAEL COLANER, et al.             :
                                    :     OPINION
        Defendants.                 :
_____:

**WOLFSON, United States District Judge:**

Presently before the Court is a Motion brought by Defendants State Troopers Michael Colaner and David Ryan (collectively "Defendants") for reconsideration of this Court's March 20, 2009 Opinion denying Defendants' Motion to Dismiss with respect to pro se Plaintiff Gary S. Wade's excessive force claim. For the following reasons, Defendants' Motion for Reconsideration is denied.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court incorporates herein the facts as they are set forth in this Court's Opinion on March 20, 2009.

On March 20, 2009, this Court granted in part and denied in part Defendants' Motion to Dismiss. In particular, the Court dismissed Plaintiff's deliberate indifference claim but permitted Plaintiff to proceed with his excessive force claim. This Court further ordered that Plaintiff must inform the Court within twenty days of the March 20, 2009 Opinion of his intent to proceed with his excessive force claim against Defendants. On March 25, 2009, Defendants requested an

1

extension of time to file a Motion for Reconsideration, which this Court subsequently granted on March 30, 2009.  On April 2, 2009, Plaintiff informed this Court that he indeed wished to proceed with his excessive force claim against the remaining defendants. Thereafter, on April 17, 2009, Defendants filed the present Motion for Reconsideration pursuant to Local Rule of Civil Procedure 7.1(i).  Plaintiff has filed no opposition thereto. For the reasons that follow, Defendants' Motion for Reconsideration is denied.

## II. DISCUSSION

### A. Standard of Review

While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J.1999), the Local Civil Rules governing the District of New Jersey do provide for such review. See Lite, N.J. Federal Practice Rules, Comment 6 to L. Civ. R. 7.1 (Gann 2008). Local Civil Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge ... has overlooked." See also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 n. 12 (D.N.J. 2002). Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Id. at 507. A motion for such reconsideration must be filed "within 10 business days after the entry of the order or judgment on the original motion ." L. Civ. R. 7.1(i). A timely motion for reconsideration may only be granted upon a finding of "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

While it is not clear on which grounds Defendants wish this Court to reconsider its decision, Defendants argue that Defendants will suffer a "manifest injustice as to the claims asserted" if Plaintiff's excessive force claims is allowed to proceed.

**B. Defendants' Previous Motion was a Motion to Dismiss, not a Motion for Summary Judgment**

Defendants make much of the fact that this Court, in deciding their motions, was not privy to all of the evidence produced during this litigation, including an expert report by John Ryan, or disregarded other evidence, including the grand jury testimony of Defendant Colaner.

At the outset, Defendants' motions decided on March 20, 2009 were Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and not, as Defendants contend, Motions for Summary Judgment pursuant to Fed. R. Civ. P. 56. Defendants, in their moving papers, argued that "Plaintiff's claims against Defendants should be dismissed as they fail to state a claim upon which relief can be granted." Defendants' Motion to Dismiss Brief, p. 6. In fact, Defendants go on to quote language from a case decided in this District at the Motion to Dismiss stage. See, Kelly v. Borough of Sayreville, 972 F. Supp. 797, 805 (D.N.J. 1996). Defendants cannot now, on a motion for reconsideration, relitigate a summary judgment motion that never was.[1]

---

[1] The Court did consider matters outside Plaintiff's pleadings when considering Defendants' Motion to Dismiss, including the state court proceedings and a videotape of the alleged incident. Defendants concede that consideration of the video was appropriate, given that Plaintiff primarily relies on the existence of a videotape in his Complaint, and that reference to matters outside Plaintiff's pleadings, such as the state court proceeding transcripts, were properly considered by this Court in its March 20, 2009 Opinion. While a court generally may not consider matters outside the pleadings when ruling on a motion to dismiss, the court may rely on documents "integral to or explicitly relied upon in the complaint." In re Rockefeller Ctr. Props. Sec. Litig., 184 F.3d 280, 292-93 (3d Cir.1999). In addition, public documents and prior judicial proceedings may be considered in deciding a motion to dismiss. See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426 (3d Cir.1999); see also

Simply put, if Defendants want this Court to review their expert declarations, attorney general handbooks, and the Federal Monitors Report, they must submit that evidence as attachments to a Motion for Summary Judgment.  Defendants do not argue that this evidence was recently discovered and, in turn, unavailable at the time Defendants filed their motion.  Nor do Defendants cite why this evidence, not originally submitted to the Court, should be considered on a Motion for Reconsideration, when such factual findings and disputes are best left for summary judgment, or indicate why they chose to file this motion instead of one for summary judgment.

**C. The Court's Finding that Defendants Struck Plaintiff on the Head**

Defendants also take issue with this Court's "subjective findings"[2] that Plaintiff sufficiently pled an excessive force claim.  Specifically, Defendants contend that the Court erroneously found that Plaintiff was struck on the back of the head, and that the municipal court judge "found" that excessive force was not used. For support, Defendants rely on Defendant Colaner's grand jury testimony, where he reiterated that he struck Plaintiff between the shoulder blades.  However, what Defendants gloss over in arguing the present motion is that in making its finding, this Court

---

Herring v. United States, 2004 WL 2040272, at *7 (E.D.Pa. Sept.10, 2004). When relying on such documents, the court need not convert the motion to dismiss into one for summary judgment.  In re Rockefeller Ctr. Props. Sec. Litig., 184 F.3d at 292-93**.**  The Court subsequently considered these types of submissions, the state court proceedings and the videotape. See March 20, 2009 Opinion, p. 12.

[2]Defendants further stress that this Court improperly found, inter alia, that removing Plaintiff from the car "minimized the danger that [Plaintiff] posed to the Troopers and others," that Defendants did not articulate a "valid reason for striking Plaintiff or forcing him to lie on the ground," and that Plaintiff was unarmed when Defendants pulled him out of his vehicle. In support, Defendants rely on expert testimony and Attorney General's Policy on the Use of Force. Again, however, this evidence was not before the Court at the time the motion was decided, nor would it have been proper to consider it given that Defendants originally filed a motion to dismiss.

had the benefit of a videotape that caught the entire incident. After viewing the videotape, the Court decided that Plaintiff could proceed with an excessive force claim as it appeared that Plaintiff was struck on the head.[3] While Defendants may disagree, it would not make much sense at all for this Court, in deciding a motion to dismiss, to take the word of the defendant over what it was able to witness on video. Moreover, Defendants do not intimate what about Colaner's testimony, or other evidentiary exhibits for that matter, would have elucidated what the Court witnessed in a way that would have changed this Court's findings. Thus, this Court did not err in relying on the videotape and its own observations in finding that Plaintiff successfully pled an excessive force claim.

In an attempt to demonstrate that the municipal court judge previously ruled that no excessive force was used, Defendants grossly distort the excerpt of the judge's decision upon which they rely. This Court recognizes that it must defer to the factual findings of the state court proceedings concerning Plaintiff's criminal convictions. Indeed, while not raised by Defendants in their original Motion to Dismiss,[4] this Court found that Heck did not apply but effectively barred Plaintiff from relitigating factual issues previously decided during his criminal trial:

> Here, Plaintiff was acquitted of resisting arrest but convicted of obstruction of the administration of law charges. Thus, Plaintiff's excessive force and medical assistance claims do not present a collateral attack on the underlying conviction, and as such, are not barred by either Rooker-Feldman or Heck. To the contrary, the fact that Plaintiff was acquitted of resisting arrest militates against Heck

---

[3]Notwithstanding, Defendants virtually concede that Colaner struck Plaintiff, a fact that gives rise to a cognizable excessive force claim. The Court, in finding that Plaintiff was struck on the head, focused on the fact that Plaintiff was struck after it appeared that he was subdued and restrained properly.

[4]Defendants relied on res judicata and collateral estoppel in their previous motion without mention of the Heck doctrine.

> barring Plaintiff's excessive force claim. Accordingly, Plaintiff's claims against State Defendants are not barred by Heck. Thus, the Court will turn to whether Plaintiff's Complaint adequately alleges § 1983 claims for excessive force and failure to give medical treatment. Again, however, in construing Plaintiff's claims, the Court is mindful that Plaintiff's Complaint must be construed in a manner consistent with the state court criminal proceedings. Cf. Nelson, 109 F.3d at 146 ("We add an important caveat. The proceedings in the district court must go forward on the basis that [plaintiff's] conviction was valid . . . [I]f this case reaches trial, the trier of fact must be aware that [defendant] was justified in using 'substantial force' in arresting [plaintiff.] Otherwise there would be a danger that in returning a general verdict against [defendant] predicated on a finding that he used excessive force, the trier of fact might base its verdict on findings not consistent with the conclusion the jury reached in the criminal case.").

March 20, 2009 Opinion, pp. 16-17. The Honorable Robert C. Blum, J.M.C. ("Judge Blum"), in summarizing the holding of a case before the Appellate Division, stated that "when the police are performing an enforcement function in an appropriate manner, and I believe this to be the case in the Wade matter, not with an excessive use of force, than a citizen, who Mr. Wade is, even though he is a police officer, is obliged to comply with the directions of the police." Certification of Alex Keoskey, Exh. M, Opinion of Honorable Robert C. Blum, J.M.C., 36:15-37:6. This Court's finding, upon review of the video, is not inconsistent with Judge Blum's decision to find Plaintiff guilty of the obstruction of the administration of justice charge. Before Judge Blum was the issue whether Defendants were acting within the purview of New Jersey law <u>at the time they decided to arrest Plaintiff</u> for obstruction of the administration of justice. As this Court previously noted in its March 20, 2009 Opinion, Defendants made that decision <u>before</u> Plaintiff was struck on the head. Moreover, Judge Blum did not analyze, within the context of the Fourth Amendment, whether Plaintiff was the victim of excessive force, but rather decided that once Defendants decided to arrest Plaintiff, the force used to remove Plaintiff from the car did not necessarily entitle Plaintiff to resist arrest over the orders of the officers. To hold otherwise

6

would leave this Court with no choice but to essentially bar Plaintiff's claims under Heck, a decision not supported by the applicable case law.  See March 20, 2009 Opinion, p. 13-16.

### C. The Attorney General's Policy on the Use of Force

Defendants seem to suggest that because the New Jersey Attorney General's Policy on Use of Force sanctions the use of physical force where the subject is physically resisting an officer's authority regardless of the crime's severity, it follows that the non-violent nature of Plaintiff's unlawful conduct was improperly considered by this Court.  This Court disagrees. Defendants' assertion that Plaintiff's underlying convictions for obstruction of justice and careless driving are irrelevant is, as noted by this Court in its March 20, 2009 Opinion, controverted by not only this Circuit's precedent, but by the express mandate of the United States Supreme Court:

> In Graham, the Supreme Court expounded on the reasonableness inquiry, stating that it "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.; see also Gilles v. Davis, 427 F.3d 197, 207 (3d Cir. 2005) (quoting Kopec v. Tate, 361 F.3d 772, 777 (3d Cir. 2004) (finding an officer was entitled to qualified immunity on excessive force claim "'after resolving all factual disputes in favor of the plaintiff, [ ] the officer's use of force was objectively reasonable under the circumstances.'" ).  In addition, the Third Circuit has noted other relevant factors including "the duration of the [officer's] action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Sharrar v. Felsing, 128 F.3d 822 (3d Cir. 1997).

March 20, 2009 Opinion, pp. 17-18 (emphasis added).  Certainly, Defendants cannot contend that the protections of the Fourth Amendment are somehow subordinate to the Attorney General's guidelines on the use of force while effectuating arrest.  Because Defendants fail to bring forth any case or recent law that changes the way courts evaluate excessive force claims,

Defendants' Motion for Reconsideration is denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is denied.

Dated June 17, 2009                                        /s/ Freda L. Wolfson
                                                           Freda L. Wolfson, U.S.D.J.